# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-069-GCM-DCK

| | |
|---|---|
| JEANETTE S. BOYD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 13) and the "Commissioner's Motion For Summary Judgment" (Document No. 17). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that the "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u> and this matter be <u>remanded</u>.

## I.  BACKGROUND

Plaintiff Jeanette S. Boyd ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1).

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this matter. <u>See</u> Fed. R. Civ. P. 25(d); <u>see also</u> 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On or about March 28, 2011, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 1, 2008. (Transcript of the Record of Proceedings ("Tr.") 312, 316; Document No. 14, p.2; Document No. 18, p.1). Plaintiff later amended her alleged disability onset date to October 1, 2011. (Tr. 37, 173).

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 24, 2011, and again after reconsideration on January 30, 2012. (Tr. 193, 201, 206). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 206).

Plaintiff filed a timely written request for a hearing on March 12, 2012. (Tr. 214). On September 19, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge William O. Gray. (Tr. 216, 82-107). The hearing was held by video teleconference, with Judge Gray in Chattanooga, Tennessee, and Plaintiff in Charlotte, North Carolina, along with her representative Roger Noland and vocational expert Curtis Taylor. (Tr. 84). Judge Gray issued a decision finding that Plaintiff was not disabled between October 1, 2011, and the date of his decision, October 31, 2013. (Tr. 173-184).

Plaintiff requested review of ALJ Gray's decision on December 3, 2013. (Tr. 262). On November 24, 2014, the Appeals Council granted Plaintiff's request and remanded the case for a new hearing. (Tr. 189-191). The Appeals Council identified specific issues for an Administrative Law Judge to address and resolve. (Tr. 190-191).

On remand, Plaintiff appeared and testified at a hearing before Administrative Law Judge Valorie Stefanellie (the "ALJ") on June 9, 2015. (Tr. 33-81). In addition, Susanna Rosche, a vocational expert ("VE"), and George Piemonte, Plaintiff's attorney, appeared at the hearing. (Tr. 35).

The ALJ issued a partially favorable decision on August 14, 2015, denying Plaintiff's claim. (Tr. 12-14, 16-26). The ALJ held that Plaintiff was not disabled through December 31, 2012; however, based on her application for supplemental security income, she was disabled as of January 15, 2015. On September 16, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 11, 2015. (Tr. 16, 1-5). The August 14, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 9, 2016. (Document No. 1). On March 1, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed July 19, 2016; and the "Commissioner's Motion For Summary Judgment" (Document No. 17) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 18) were filed September 29, 2016. Plaintiff declined to file a response/reply brief,

and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the

medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 1, 2011, and the Plaintiff's date last insured, December 31, 2012, so that she would be entitled to a period of disability or disability insurance benefits.[2] (Tr. 17, 26). Based on Plaintiff's application for supplemental security benefits, the ALJ also considered whether the Plaintiff was disabled through the date of her decision, August 14, 2015. Id.

To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

>     listings in appendix 1, and meets the duration requirement -
>     if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that prior to January 1, 2015, Plaintiff was not disabled. (Tr. 25-26).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since October 1, 2011, her alleged disability onset date. (Tr. 19). At the second step, the ALJ found that cervicalgia with radiculopathy, right knee degenerative joint disease, and depression were severe impairments.[3] (Tr. 19). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she is capable of no more than occasional overhead rea[ch]ing with one upper extremity and simple, routine and repetitive tasks.

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

(Tr. 21). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a certified nurse assistant. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of the VE, and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could have performed, prior to January 1, 2015. (Tr. 25). Specifically, the VE testified that according to the factors given by the ALJ, occupations Plaintiff could perform included sales attendant, cafeteria attendant, and ticket seller. Id. However, the ALJ also noted that as of January 1, 2015, Plaintiff's age category changed, and that beginning on that date "there are no jobs that exist in significant numbers in the national economy that the claimant could perform." Id.

The ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 1, 2011, and her date last insured, December 31, 2012; however, for purposes of her supplemental security income application, the ALJ *did* find Plaintiff to be disabled as of January 1, 2015. (Tr. 26).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to explain apparent conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT"); (2) the ALJ did not properly address Plaintiff's mental functions in the RFC; and (3) the ALJ did not properly assess Plaintiff's credibility. (Document No. 14, pp. 2, 5).

7

### A. VE Testimony and the DOT

In her first assignment of error, Plaintiff argues that the ALJ failed to explain apparent conflicts between the VE's testimony and the DOT. (Document No. 14, pp.6-10). Plaintiff notes that the ALJ found that she was "capable of no more than **occasional overhead rea[ch]ing** with one upper extremity," and in the hypothetical to the VE the ALJ described in part "light work with occasional reach overhead with one upper extremity." (Document No. 14, p.6) (citing Tr. 21, 75) (emphasis added).

Plaintiff further notes that in response to the ALJ's hypothetical, the VE identified the jobs of: sales attendant; cafeteria attendant; and ticket seller. Id. (citing Tr. 77); see also (Tr. 25). When asked by the ALJ whether her testimony was consistent with the DOT, the VE responded "[y]es other than areas it does not address and examples would be absences, separating out one or the other upper extremity, being off task and I have provided my opinions based on training and experience." (Tr. 80; Document No. 14, p.6). Plaintiff asserts that the ALJ did not question the VE about any apparent conflicts between her testimony and the DOT, and that unexplained apparent conflicts exist. (Document No. 14, p.7).

In support of her position, Plaintiff observes that the Selected Characteristics of Occupations ("SCO"), the companion publication to the DOT, documents that the job of sales attendant and cafeteria attendant both require **frequent reaching**, and that the job of ticket seller requires **constant reaching**. (Document No. 14, p.8). Plaintiff concludes that the ALJ erred by failing to inquire about, or explain, the apparent conflicts between the jobs identified by the VE and the reaching limitation identified by the ALJ. (Document No. 14, pp.8-9) (citing SSR 00-4p) and Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015)).

In response, Defendant states that "the ALJ identified and obtained a reasonable explanation for the apparent conflict . . . [but] did not include this in the decision; however, given the facts here, this was harmless error." (Document No. 18, p.4). Defendant then suggests that the VE testimony quoted above provides a "reasonable explanation for the conflicts." Id. (citing Tr. 80) ("[y]es other than areas it does not address and examples would be absences, separating out one or the other upper extremity, being off task and I have provided my opinions based on training and experience.").

Defendant then acknowledges that pursuant to SSR 00-4p, "the ALJ should have explained in the decision how the identified conflict was resolved . . . However, in this case, the ALJ's failure to do so was harmless error." Id.

The undersigned respectfully disagrees with Defendant's argument that the conflict was identified and explained at the hearing, and that any error here was harmless. See (Document No. 18, pp.4-5). It does not appear to the Court that the VE's one sentence statement regarding the DOT adequately "identified and explained" the conflict that Defendant agrees exists here. See (Tr. 80).

In addition, the undersigned observes that in remanding this matter the Appeals Council specifically directed that

> before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 191). The ALJ "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles," but declined to identify or resolve

9

the apparent conflict(s) identified by Plaintiff (and now acknowledged by Defendant), as required by SSR 00-4p and by the Appeals Council's remand order. (Tr. 191).

After careful consideration, the undersigned agrees with Plaintiff that this alleged error requires remand, again, for further consideration. This error alone provides good cause to remand; nevertheless, the undersigned will also briefly address Plaintiff's second assignment of error.

**B.     Mental Limitations**

Next, Plaintiff asserts that the ALJ decision fails to meet the requirements of SSR 96-8p. (Document No. 14, pp.10-16). Plaintiff contends that the ALJ's RFC assessment does not include a complete determination of her mental limitations. In most pertinent part, Plaintiff asserts that the "issue in this case is not whether Boyd has 'severe' mental impairments, the ALJ already determined she does (Tr. 19), but rather whether the ALJ fully accounted for her [] moderate limitations findings in the residual functional capacity." (Document No. 14, pp.12-13).

Plaintiff notes that the ALJ found she had moderate difficulties with concentration, persistence or pace, but made an incomplete finding that she is limited to simple, routine and repetitive tasks, which is insufficient under SSR 96-8p. (Document No. 14, p.13) (citing Tr. 21). Moreover, Plaintiff notes that the Fourth Circuit has agreed "with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. (quoting Mascio v. Colvin, 780 F.3d 632, 538 (4th Cir. 2015)) (internal citation omitted). "The Court will not find any determination within the ALJ's decision of Boyd's ability to stay on task." Id.

Relying on Mascio, the Plaintiff concludes that the ALJ erred by failing to provide a full explanation of whether her moderate limitations in concentration, persistence, or pace would cause her to be off task some amount of time, or not at all. (Document No. 14, p.15).

In response, Defendant argues that this case is distinguishable from <u>Mascio</u> because "the ALJ did not ignore Boyd's moderate concentration, persistence, or pace limitations, but instead, the ALJ specifically accounted for those limitations in her detailed and thorough hypothetical to the VE and in her residual functional capacity (RFC) finding in the decision." (Document No. 18, p.6). Defendant concludes that the ALJ's limitation to "simple, routine, repetitive tasks, with few decisions and few changes during the workday would accommodate her described memory and concentration problems." However, Defendant's argument fails to address Plaintiff's ability to stay on task, and offers little, if any, citation to the record or relevant authority for support.

The undersigned again finds Plaintiff's position persuasive. It does appear that the ALJ decision fails to comply with the holding of the Fourth Circuit in <u>Mascio</u>. Moreover, the ALJ decision also seems to ignore the directive of the Appeals Council on this issue, just as it did regarding the resolution of conflicts between VE testimony and the DOT. The Appeals Council's remand order noted that the previous ALJ decision

> did not adequately consider the claimant's mental impairments. It found the claimant has moderate difficulties in concentration, persistence or pace but the residual functional capacity lacks corresponding mental limitations (see Decision, pages 4, 5). In addition, it overlooked the April 2013 mental health evaluation in which the claimant was given a global assessment function ("GAF") score of 45 . . . suggest[ing] serious mental symptoms.

(Tr. 190) (citing Tr. 176-177).

The most recent ALJ decision recognized Plaintiff's moderate difficulties in concentration, persistence and/or pace, but again failed to adequately address those difficulties. <u>See</u> (Tr. 20-21, 23-24). Based on Plaintiff's arguments and <u>Mascio</u>, the undersigned finds that Plaintiff's second assignment of error also provides sufficient reason for remand.

11

On remand, an Administrative Law Judge should fully address the alleged errors before this Court, including ensuring a proper credibility determination (Plaintiff's third assignment of error), as well as any other relevant matters specifically identified by the Appeals Council in its remand order dated November 24, 2014. See (Tr. 189-191).

## IV.    CONCLUSION

The undersigned is not persuaded that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus, this matter should be remanded for further consideration. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 17) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration as directed herein.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 21, 2017

David C. Keesler
United States Magistrate Judge